NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
ALARICE M. MEDRANO (Cal. Bar No. 166730)
Assistant United States Attorney
MATTHEW J. BARRAGAN (Cal. Bar No. 283883)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2444
    Facsimile: (213) 894-7819
    E-mail: Matthew.Barragan@usdoj.gov

Attorneys for Defendants
U.S. Immigration and Customs Enforcement
and U.S. Department of Homeland Security

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IMMIGRANT DEFENDERS LAW CENTER, WESTERN STATE COLLEGE OF LAW IMMIGRATION CLINIC, PUBLIC COUNSEL, AND ESPERANZA IMMIGRANT RIGHTS PROJECT AT CATHOLIC CHARITIES,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AND UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | No. CV 19-02058 CAS (AGR)<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Honorable Christina A. Snyder |

Defendants United States Immigration and Customs Enforcement ("ICE") and United States Department of Homeland Security ("DHS") (collectively, "Defendants"), by and through the undersigned counsel, hereby answer the allegations in the Complaint filed by Plaintiffs Immigrant Defenders Law Center, Western State College of Law Immigration Clinic, Public Counsel, and Esperanza Immigrant Rights Project at Catholic Charities (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the Complaint constitute Plaintiffs' characterization of the nature of the action and the relief sought, to which no response is required. To the extent a response is deemed required, Defendants admit that this action purports to be brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Defendants deny the remaining allegations.

2. The allegations contained in Paragraph 2 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint and on that basis deny them.

3. The allegations contained in Paragraph 3 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants deny the allegations.

4. The allegations contained in Paragraph 4 of the Complaint consist of Plaintiffs' characterization of their FOIA request, to which no response is required. To the extent that a response is required, Defendants admit that Plaintiffs filed a FOIA request with Defendant ICE and respectfully refers the Court to Plaintiffs' FOIA request for its accurate content and attached to the Complaint as Exhibit A. Defendants deny the remaining allegations in this paragraph.

5. The allegations contained in Paragraph 5 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed

required, Defendants deny the allegations in this paragraph.

6. The allegations contained in Paragraph 6 of the Complaint consist of legal conclusions, Plaintiffs' characterizations of the relief sought, and their reasons for bringing this FOIA action, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

7. Admit.

8. Admit.

## PARTIES

9. Admit.

10. The allegations contained in Paragraph 10 of the Complaint consist of Plaintiff's, Immigrant Defenders Law Center, characterization of itself, to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and on that basis deny them.

11. The allegations contained in Paragraph 11 of the Complaint consist of Plaintiff's, the Western State College of Law Immigration Clinic, characterization of itself, to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 11 of the Complaint and on that basis deny them.

12. The allegations contained in Paragraph 12 of the Complaint consist of Plaintiff's, Public Counsel, characterization of itself, to which no response is required. To the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 of the Complaint and on that basis deny them.

13. The allegations contained in Paragraph 13 of the Complaint consist of Plaintiff's, Esperanza Immigrant Rights Project, characterization of itself, to which no response is required. To the extent that a response is required, Defendants lack

knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 of the Complaint and on that basis deny them.

14. Defendants admit that DHS is a federal agency within the meaning of 5 U.S.C. § 552(f)(1). Defendants deny all remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit that ICE is a federal agency and component of DHS. Defendants deny all remaining allegations contained in Paragraph 15 of the Complaint.

## LEGAL FRAMEWORK

16. The allegations contained in Paragraph 16 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

17. The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

18. The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

19. The allegations contained in Paragraph 19 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

20. The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

21. The allegations contained in Paragraph 21 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

///
///

# FACTUAL ALLEGATIONS

## Background

22. The allegations contained in Paragraph 22 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants deny the allegations.

23. The allegations contained in Paragraph 23 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants deny the allegations.

24. The allegations contained in Paragraph 24 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint and on that basis deny them.

25. The allegations contained in Paragraph 25 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint and on that basis deny them.

26. The allegations contained in Paragraph 26 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint and on that basis deny them.

27. The allegations contained in Paragraph 27 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint and on that basis deny them.

**Collaboration Between ICE and UPRP**

28. The allegations contained in Paragraph 28 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants deny the allegations.

**A.     January 2018: El Monte**

29. The allegations contained in Paragraph 29 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint and on that basis deny them.

30. The allegations contained in Paragraph 30 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 of the Complaint and on that basis deny them.

31. The allegations contained in Paragraph 31 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 31 of the Complaint and on that basis deny them.

32. The allegations contained in Paragraph 32 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 32 of the Complaint and on that basis deny them.

33. The allegations contained in Paragraph 33 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations contained in Paragraph 33 of the Complaint and on that basis deny them.

34. The allegations contained in Paragraph 34 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 34 of the Complaint and on that basis deny them.

35. The allegations contained in Paragraph 35 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 35 of the Complaint and on that basis deny them.

36. The allegations contained in Paragraph 36 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 of the Complaint and on that basis deny them.

**B.      January 2018: Santa Ana**

37. The allegations contained in Paragraph 37 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint and on that basis deny them.

38. The allegations contained in Paragraph 38 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 of the Complaint and on that basis deny them.

### C. February 2018: Van Nuys

39. The allegations contained in Paragraph 39 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 of the Complaint and on that basis deny them.

40. The allegations contained in Paragraph 40 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 of the Complaint and on that basis deny them.

41. The allegations contained in Paragraph 41 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 of the Complaint and on that basis deny them.

42. The allegations contained in Paragraph 42 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 of the Complaint and on that basis deny them.

43. The allegations contained in Paragraph 43 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 of the Complaint and on that basis deny them.

44. The allegations contained in Paragraph 44 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To

the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 of the Complaint and on that basis deny them.

45. The allegations contained in Paragraph 45 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45 of the Complaint and on that basis deny them.

**D.    May 2018: North Hollywood**

46. The allegations contained in Paragraph 46 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 46 of the Complaint and on that basis deny them.

47. The allegations contained in Paragraph 47 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 of the Complaint and on that basis deny them.

**E.    July 2018: Pacoima**

48. The allegations contained in Paragraph 48 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of the Complaint and on that basis deny them.

49. The allegations contained in Paragraph 49 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations contained in Paragraph 49 of the Complaint and on that basis deny them.

**F.     August 2018: Whittier**

50.     The allegations contained in Paragraph 50 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 50 of the Complaint and on that basis deny them.

51.     The allegations contained in Paragraph 51 of the Complaint do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 51 of the Complaint and on that basis deny them.

## Plaintiffs' FOIA Request and Appeal

52.     Defendants admit that Professor Jennifer Koh submitted a FOIA request to ICE on September 7, 2018, and respectfully refer the Court to the FOIA request for a complete and accurate description of its contents. As admitted above in Paragraph 4, Plaintiffs' FOIA request is attached to the Complaint as Exhibit A. To the extent that Plaintiffs' characterization of the content of Exhibit A is inconsistent with Exhibit A, Defendants deny the allegations. Any allegations in Paragraph 52 of the Complaint not specifically admitted are denied.

53.     Defendants admit that Plaintiffs submitted a FOIA request to Defendants on September 7, 2018 and respectfully refer the Court to the FOIA request for a complete and accurate description of its contents. As admitted above in Paragraph 4, Plaintiffs' FOIA request is attached to the Complaint as Exhibit A. To the extent that Plaintiffs' characterization of the content of Exhibit A is inconsistent with Exhibit A, Defendants deny the allegations. Any allegations in Paragraph 53 of the Complaint not specifically admitted are denied.

54. Defendants admit that Plaintiffs submitted a FOIA request to Defendants on September 7, 2018 and respectfully refer the Court to the FOIA request for a complete and accurate description of its contents. As admitted above in Paragraph 4, Plaintiffs' FOIA request is attached to the Complaint as Exhibit A. To the extent that Plaintiffs' characterization of the content of Exhibit A is inconsistent with Exhibit A, Defendants deny the allegations. Any allegations in Paragraph 54 of the Complaint not specifically admitted are denied.

55. Defendants admit that ICE's e-mail to Professor Koh acknowledging receipt of Plaintiffs' FOIA request, dated September 8, 2018, is attached to the Complaint as Exhibit B and respectfully refer the Court to Exhibit B for a complete and accurate description of its contents. To the extent that Plaintiffs' characterization of the content of Exhibit B is inconsistent with Exhibit B, Defendants deny the allegations. Any allegations in Paragraph 55 of the Complaint not specifically admitted are denied.

56. Defendants admit that ICE's e-mail to Professor Koh, dated September 18, 2018, is attached to the Complaint as Exhibit C and respectfully refer the Court to Exhibit C for a complete and accurate description of its contents. To the extent Plaintiffs' characterization of the content of Exhibit C is inconsistent with Exhibit C, Defendants deny the allegations. Any allegations in Paragraph 56 of the Complaint not specifically admitted are denied.

57. Defendants admit that Professor Koh's e-mail response to ICE, dated September 24, 2018, is attached to the Complaint as Exhibit C and respectfully refer the Court to Exhibit C for a complete and accurate description of its contents. To the extent Plaintiffs' characterization of the content of Exhibit C is inconsistent with Exhibit C, Defendants deny the allegations. Any allegations in Paragraph 57 of the Complaint not specifically admitted are denied.

58. Defendants admit that Professor Koh's appeal, dated October 16, 2018, is attached to the Complaint as Exhibit D and respectfully refer the Court to Exhibit D for a complete and accurate description of its contents. To the extent Plaintiffs'

characterization of the content of Exhibit D is inconsistent with Exhibit D, Defendants deny the allegations. Any allegations in Paragraph 58 of the Complaint not specifically admitted are denied.

59. Defendants admit that ICE's final response to Plaintiff' FOIA request, dated October 25, 2018, is attached to the Complaint as Exhibit E and respectfully refer the Court to Exhibit E for a complete and accurate description of its contents. To the extent Plaintiffs' characterization of the content of Exhibit E is inconsistent with Exhibit E, Defendants deny the allegations. Any allegations in Paragraph 59 of the Complaint not specifically admitted are denied.

60. Defendants admit that ICE's letter to Professor Koh acknowledging receipt of Plaintiffs' appeal, dated October 26, 2018, is attached to the Complaint as Exhibit F and respectfully refer the Court to Exhibit F for a complete and accurate description of its contents. Defendants further admit that ICE's final response to Plaintiffs' appeal, dated November 14, 2018, is attached to the Complaint as Exhibit G. Defendants aver that the documents speak for themselves. To the extent Plaintiffs' characterization of the content of Exhibits F and G is inconsistent with Exhibits F and G, respectively, Defendants deny the allegations. Any allegations in Paragraph 60 of the Complaint not specifically admitted are denied.

61. Defendants admit that Professor Koh's appeal, dated November 5, 2018, is attached to the Complaint as Exhibit H and respectfully refer the Court to Exhibit H for a complete and accurate description of its contents. Defendants aver that the document speaks for itself. To the extent Plaintiffs' characterization of the content of Exhibit H is inconsistent with Exhibit H, Defendants deny the allegations. Any allegations in Paragraph 61 of the Complaint not specifically admitted are denied.

62. Responding to Paragraph 62 of the Complaint, Defendants admit that Professor Koh's appeal, dated November 5, 2018, is attached to the Complaint as Exhibit H and respectfully refer the Court to Exhibit H for a complete and accurate description of its contents. Defendants aver that the document speaks for itself. To the extent

Plaintiffs' characterization of the content of Exhibit H is inconsistent with Exhibit H, Defendants deny the allegations. Any allegations in Paragraph 62 of the Complaint not specifically admitted are denied.

63. The allegations contained in Paragraph 63 constitute legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny all of the allegations therein.

## FOIA FIRST CAUSE OF ACTION
### Violation Of 5 U.S.C. § 552(a)(3) For
### Failure To Conduct An Adequate Search For Responsive Records

64. Defendants incorporate by reference their responses to the paragraphs above as if fully stated here.

65. Defendants admit that ICE received a FOIA request from Plaintiffs dated September 7, 2018, and respectfully refer the Court to the letter for a complete and accurate description of its contents.

66. Defendants admit that Plaintiffs sent ICE an e-mail on September 24, 2018, and respectfully refer the Court to the e-mail for a complete and accurate description of its contents.

67. Admit.

68. The allegations contained in Paragraph 68 constitute legal conclusions and Plaintiffs' characterization of the nature of the action, to which no response is required. To the extent a response is deemed required, Defendants deny all of the allegations therein.

69. Defendant ICE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 69 of the Complaint and on that basis denies them, and denies that ICE failed to produce documents without justification.

70. Deny.

71. The allegations contained in Paragraph 71 constitute legal conclusions and Plaintiffs' characterization of the nature of the action, to which no response is required.

13

To the extent a response is deemed required, Defendants deny all of the allegations therein.

72. The allegations contained in Paragraph 72 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

## SECOND CAUSE OF ACTION
**Violation Of 5 U.S.C. § 552(a)(6)(A)(ii) For
Failure To Comply With Statutory Deadlines**

73. Defendants incorporate by reference their responses to the paragraphs above as if fully stated here.

74. Defendants admit that ICE received a FOIA request from Plaintiffs dated September 7, 2018, and respectfully refer the Court to the letter for a complete and accurate description of its contents. Defendants further admit that by letter dated October 26, 2018, it responded to Plaintiff's FOIA request, and respectfully refer the Court to the letter for a complete and accurate description of its contents.

75. Defendants admit that Plaintiffs sent ICE an appeal by e-mail on November 5, 2018, and respectfully refer the Court to the e-mail for a complete and accurate description of its contents. The remainder of Paragraph 75 consists of Plaintiff's legal conclusions to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

76. The allegations contained in Paragraph 76 of the Complaint constitute legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

77. Defendants admit that, as of the filing date of this Complaint, it has not provided documents in response to Plaintiffs' request. Defendants deny the remaining allegation in Paragraph 77.

78. Deny.

79. The allegations contained in Paragraph 79 constitute legal conclusions to

which no response is required.  To the extent a response is deemed required, Defendants deny all of the allegations therein.

80.     The allegations contained in Paragraph 80 of the Complaint constitute legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants aver that FOIA speaks for itself.

### THIRD CAUSE OF ACTION
### Violation Of 5 U.S.C. § 552(a)(4)(A)(iii) For
### Failure To Grant Waiver of Fees

81.     Defendants incorporate by reference their responses to the paragraphs above as if fully stated here.

82.     Defendants admit that ICE received a FOIA request from Plaintiffs dated September 7, 2018, and respectfully refer the Court to the letter for a complete and accurate description of its contents.  Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

83.     Defendants admit that ICE received a FOIA request from Plaintiffs dated September 7, 2018, and respectfully refer the Court to the letter for a complete and accurate description of its contents.  Defendants deny the remaining allegations contained in Paragraph 83 of the Complaint.

84.     Defendants admit that by e-mail on September 8, 2018, it acknowledged Plaintiff's FOIA request, and respectfully refer the Court to the letter for a complete and accurate description of its contents.

85.     The allegations contained in Paragraph 85 of the Complaint consist of Plaintiffs' reasons for bringing this FOIA action, to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 85 of the Complaint and on that basis deny them.

86.     The allegations contained in Paragraph 86 constitute legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants

deny all of the allegations therein.

## REQUEST FOR RELIEF[1]

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response is deemed required, the allegations of the prayer for relief are denied. Plaintiffs are not entitled to any relief.

Any allegation contained in Plaintiffs' Complaint that has not been admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint purports to impose obligations upon Defendants that exceed those imposed by FOIA.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, or to compel the production of records that are not subject to FOIA.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not improperly withholding any responsive documents.

### FIFTH AFFIRMATIVE DEFENSE

At all times alleged in the Complaint, Defendants acted in good faith, with justification, and pursuant to lawful authority.

///

///

---

[1] For ease of reference, Defendants' Answer generally replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles may be construed to contain factual allegations, those allegations are denied.

WHEREFORE, Defendants pray for judgment dismissing Plaintiffs' Complaint, and awarding Defendants their costs and disbursements in this action, and for such other and further relief as the Court may deem just and proper.

Dated: July 22, 2019

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

 /s/ Matthew J. Barragan
MATTHEW J. BARRAGAN
Assistant United States Attorney

Attorneys for Defendants
U.S. Immigration and Customs Enforcement
and U.S. Department of Homeland Security